590 S.E.2d 572

Ronnie L. JONES, s/k/a Ronnie Lee Jones

v.

COMMONWEALTH of Virginia.

Record No. 0606–02–2.

Court of Appeals of Virginia,
Richmond.

Jan. 6, 2004.

Steven D. Benjamin (Betty Layne DesPortes; Benjamin & DesPortes, P.C., on brief), Richmond, for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Jerry W. Kilgore, Attorney General, on brief), for appellee.

Present: FITZPATRICK, C.J., BENTON, ELDER, ANNUNZIATA, BUMGARDNER, FRANK, HUMPHREYS, CLEMENTS, FELTON and KELSEY, JJ.

## UPON REHEARING EN BANC

ROSEMARIE ANNUNZIATA, Judge.

Ronnie Lee Jones was indicted for the distribution of cocaine in violation of Code § 18.2–248 and, upon his plea of "no contest," was convicted and sentenced to twenty years incarceration, seventeen years suspended. On appeal, he contended the circuit court did not have jurisdiction to decide his case. On May 6, 2003, a divided panel of this Court reversed Jones's conviction, holding that the evidence was insufficient to establish the court's jurisdiction. *Jones v. Commonwealth*, No. 0606–02–2, 2003 WL 21003415 (Va.Ct.App. May 6, 2003). On June 10, 2003, we granted the Commonwealth's petition for rehearing en banc, stayed the mandate of the panel decision, and reinstated the appeal. Upon rehearing en banc, we affirm the conviction.

## I. Background

Jones was indicted for distributing cocaine on December 9, 1998 and arraigned on the charge on September 18, 2001.

The indictment to which Jones pled and upon which he was arraigned by the clerk in open court states the following:

City of Petersburg, Commonwealth of Virginia, to-wit; in the Circuit Court of said City, the Grand Jurors of the Commonwealth of Virginia, in and for the body of the City of Petersburg, and now attending the said court, upon their oaths, present that Ronnie L. Jones on or about the 9th day of December, in the year Nineteen Hundred and 98, in the said city, and within the jurisdiction of the said court, did distribute cocaine, a schedule I or II controlled substance, against the dignity of the Commonwealth of Virginia. Code Section 18.2–248.

Following Jones's plea of "no contest" to the indictment, the Commonwealth's attorney presented the testimony of police officer Raymond Ramos. His testimony established that, on the day of the offense, he was employed as a City of Petersburg police officer. Ramos testified that Petersburg law enforcement agents and an undercover officer arranged, via a confidential informant, for the purchase of $200 worth of crack cocaine from Jones. Jones agreed to meet the informant at "2178 County Drive, trailer number N43." When Jones arrived at the trailer, he met the informant and sold him cocaine in the presence of the undercover officer. The Commonwealth introduced a certificate of analysis which indicated the officer received one gram of cocaine.

Jones argues that the circuit court did not have subject matter jurisdiction because the evidence does not establish that the illegal transaction occurred in Virginia. In support of his contention, Jones asserts that his *nolo contendere* plea cannot establish subject matter jurisdiction because: 1) subject matter jurisdiction cannot be conferred upon the court by consent or agreement, and 2) a *nolo contendere* plea does not admit as true any fact other than those related to the elements of the offense. Although we acknowledge that the parties before a court cannot establish subject matter jurisdiction by consent or agreement, we hold that a *nolo contendere* plea can admit the facts necessary to establish jurisdiction.

## II. Analysis

▮▮▮▮ To establish the court's subject matter jurisdiction, evidence supporting the conclusion " 'must affirmatively appear on the face of the record, that is, the record must show affirmatively that the case is one of a class of which the court rendering the judgment was given cognizance.' " *Owusu v. Commonwealth*, 11 Va.App. 671, 673, 401 S.E.2d 431, 432 (1991) (quoting *Shelton v. Sydnor*, 126 Va. 625, 630, 102 S.E. 83, 85 (1920)). " 'Every crime to be punished in Virginia must be committed in Virginia.' " *Moreno v. Baskerville*, 249 Va. 16, 18, 452 S.E.2d 653, 655 (1995) (quoting *Farewell v. Commonwealth*, 167 Va. 475, 479, 189 S.E. 321, 323 (1937)). Because a court's power to act presupposes subject matter jurisdiction, the absence of subject matter jurisdiction "may be raised at any time, in any manner, before any court, or by the court itself." *Humphreys v. Commonwealth*, 186 Va. 765, 772, 43 S.E.2d 890, 893 (1947).[1]

▮▮▮▮ In the case before the Court, the police officer's testimony proved that Jones sold cocaine to an informant, but it failed to reveal whether that act occurred in Virginia.[2] The Commonwealth argues, however, that Jones's *nolo contendere*

---

1. The Commonwealth contends the issue on appeal is procedurally barred pursuant to Rule 5A:18, because venue and not subject matter jurisdiction is implicated. We disagree. Subject matter jurisdiction gives a court the power to hear and adjudicate a case. *Brown v. Commonwealth*, 215 Va. 143, 145, 207 S.E.2d 833, 835 (1974). Venue, on the other hand, determines only the place where the trial will be held. *Id.* at 145, 207 S.E.2d at 836. Here, Jones argues that the evidence does not establish he committed a crime within the Commonwealth of Virginia. If true, no court in Virginia would have the power to try Jones. *Moreno*, 249 Va. at 18, 452 S.E.2d at 655. Therefore, subject matter jurisdiction is the relevant issue.

2. The officer's testimony that the offense occurred outside a trailer at "2178 County Drive" does not, without other evidence in the record, prove Jones committed the offense within the jurisdiction of the circuit court. *See Thomas v. Commonwealth*, 36 Va.App. 326, 333, 549 S.E.2d 648, 651 (2001) (noting that although the evidence "mentions a street address and 'Bragg Hill' ..., nothing in the record" provided a basis upon which the trial court could take judicial notice of the location of the crime).

plea to the indictment suffices to establish the required jurisdictional facts. We agree with the Commonwealth.

It is well settled that subject matter jurisdiction cannot be conferred by agreement or consent. *Id.; Brown v. Commonwealth*, 215 Va. 143, 145, 207 S.E.2d 833, 836 (1974). This principle is founded on another settled principle which holds that issues of law are the province of the courts, and the courts are therefore not bound to accept as controlling stipulations regarding questions of law. *Swift & Co. v. Hocking Valley Ry. Co.*, 243 U.S. 281, 289, 37 S.Ct. 287, 290, 61 L.Ed. 722 (1917) (noting that a stipulation "concerning the *legal effect* of admitted facts" is "obviously inoperative" (emphasis added)). The principle that precludes a conclusion of law by agreement of the parties does not, however, preclude a party from establishing by admission or agreement certain facts *underlying* a question of law. *See Honaker v. Howe*, 60 Va. (19 Gratt.) 50, 53 (1869).

Although Jones's *nolo contendere* plea does not waive his right to object to the absence of subject matter jurisdiction, *Clauson v. Commonwealth*, 29 Va.App. 282, 290, 511 S.E.2d 449, 453 (1999), it nonetheless " 'implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty' for the purpose of imposing judgment and sentence." *Commonwealth v. Jackson*, 255 Va. 552, 555, 499 S.E.2d 276, 278 (1998) (alteration in original) (quoting *Honaker*, 60 Va. (19 Gratt.) at 53). A "plea of nolo contendere, like a demurrer, admits, for the purposes of the case, all the facts which are well stated." *Honaker*, 60 Va.(19 Gratt.) at 53–54; *see also Scott v. State*, 928 P.2d 1234, 1237 (Alaska Ct.App.1996) (noting that after a plea of *nolo contendere*, " 'the court may proceed to accept the allegations in the indictment as true' " (quoting C.T. Drechsler, Annotation, *Plea of Nolo Contendere or Non Vult Contendere*, 89 A.L.R.2d 540, § 2 (1963))); *State v. Kilmer*, 194 Neb. 434, 231 N.W.2d 708, 710 (1975) (holding that a "plea of nolo contendere admits the matters alleged in the information and has the same effect as a plea of guilty so far as issues of fact are concerned").

■ Upon review of the indictment in light of the principle that a *nolo contendere* plea implies an admission by the defendant that the charge and the facts underlying it as stated in the indictment are true, we find that the required jurisdictional facts were proved. The indictment read to Jones at his arraignment, and to which he pled, states the location specifically as "City of Petersburg, Commonwealth of Virginia," and relates that Jones distributed cocaine on or about the 9th day of December, 1998 in the "said city." The antecedent of the reference to "said city" can only logically and grammatically be the "City of Petersburg, Commonwealth of Virginia." By pleading *nolo contendere,* Jones, in essence, admitted as true each factual allegation set forth in the indictment, including the fact that the offense occurred in the Commonwealth. The court's jurisdiction, thus, "affirmatively appear[s] on the face of the record." *Shelton,* 126 Va. at 630, 102 S.E. at 85; *cf. Owusu,* 11 Va.App. at 673, 401 S.E.2d at 432 (holding that where "[n]o street address, town, or locality was mentioned with respect to the location of the offenses" and where the circumstantial evidence was insufficient, subject matter jurisdiction was not proved).

We accordingly hold that Jones, in pleading no contest to the charge as set forth in the indictment, agreed or admitted that the facts set forth in the indictment were true, including the fact that the offense charged occurred in Virginia.

We affirm Jones's conviction.

*Affirmed.*